## WILLIAM ALBRIGHT v. R. M. RADER.

LUNATICS. *Inquisition in county court. Proceedings.* Where the estate of the lunatic does not exceed five hundred dollars, the county court has exclusive jurisdiction. If it exceeds five hundred, the jurisdiction of the chancery and county court is concurrent, and in such cases the latter must conform to the rules and regulations laid down for the conduct of similar business in the chancery court as far as practicable. Code, construed, sections, 3681, 3692, 3695, 3696, 4196.

### FROM GREENE.

Appeal in error from the County Court of Greene county.

H. H. INGERSOLL for Albright.

MCKEE & ARMITAGE for Rader.

DEADERICK, C. J., delivered the opinion of the court.

This proceeding was instituted in the county court of Greene county, at the December term, 1882, upon

the application of plaintiff, Albright, to have the said Rader declared a lunatic. A writ of inquisition was ordered by the court and issued to the sheriff of the county, commanding him to summon twelve jurors to enquire whether defendant, Rader, is a lunatic or of unsound mind, and incapable of governing himself and his property, and to report what property he has, and as to his family, and the names and ages of his wife and children, and it directs that the sheriff shall appoint the time and place for making such inquisition and return the same to the next term of said court.. The sheriff returned the writ executed• on December 27, 1882. On January 3, 1883, the jury made their report, finding that said Rader is of unsound mind, and has not sufficient capacity for the government of himself and property. They also find that said Rader has about 150 acres of land worth about $1,600; two horses worth $175; a wagon worth $25, and about $723 in money; that he has a wife and nine children, whose names and ages are given.

The report was examined and confirmed by the court by its chairman, and ordered to be recorded, and Albright was appointed guardian, who gave bond and was qualified. From this judgment rendered on the 3d of January, the defendant prayed an appeal to this court on January 5th, and having given bond with security the same was allowed.

The Referees have reported recommending the reversal of the judgment and the dismissal of the proceedings, and Albright has excepted.

By statute jurisdiction over the persons and estates

of idiots, lunatics and other persons of unsound mind, is entrusted to the county and chancery courts: Code, sec. 3681. The chancery court, however, has jurisdiction only in cases where the value of the estate exceeds $500: Code, sec. 3692. And in such cases the application must be made by petition, and the fact that the estate exceeds $500 in value must be therein stated, and bond and security for costs and damages must be given, and the defendant must be served with a copy of the petition and with notice of the time and place of holding the inquisition, at least five days previous thereto, and the clerk and master, or his deputy, shall be present and preside over the deliberations of the jury and receive their verdict: Code, secs. 3695, 3696. Other provisions by subsequent sections are made for the conduct of the trial, the ascertainment of the value of the estate and the entry of the decree or judgment.

Where the estate does not exceed $500 in value the county court has exclusive jurisdiction, and less formality is required in the proceedings. But in cases in which the estate exceeds $500 the jurisdiction is concurrent, and in such cases the county court must conform to the rules and regulations laid down for the conduct of similar business in the chancery court as far as practicable: Code, sec. 4196.

It was practicable to file a petition stating the value of the estate, and to give notice of the time and place of holding the inquisition, and to follow the other directions of the statute in respect to the procedure in the chancery court. None of these things

were done, and it was essential to the jurisdiction of the person that notice of the proceeding should be given. The record does not disclose that defendant had any notice of the proceeding until after the final order in the cause, nor until he prayed his appeal. This is not such an appearance as would waive the necessity of the formal notice required by the statute, and without such notice the judgment or decree would be void, and the defendant may have it reversed by appeal: 4 Baxt., 81; 4 Hum., 273.

The report of the Referees recommending a reversal of the decree or judgment and dismissal of the proceeding is approved, and the report will be confirmed and the proceeding dismissed at the costs of Albright.